## PETER SYMALLA v. FRANK DUSENKA, JR. AND OTHERS.[1]

November 17, 1939.

No. 32,147.

*L. W. Crawhall,* for appellants.
*Milton A. Hall,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from order denying defendants' motion for a new trial.

The action was instituted by Peter Symalla against Frank Dusenka, Sr. and Frank Dusenka, Jr. and the Seaboard Surety Company, Inc. to recover damages for injuries allegedly suffered by reason of an assault and beating inflicted on him by the Dusenkas. The surety company was not served, and the other defendants answered alleging that any force used against plaintiff was necessary to eject him from their place of business and deny-

[1]Reported in 288 N. W. 385.

ing that they had assaulted plaintiff or caused the injuries alleged in his complaint.

On the evening of April 12, 1937, plaintiff entered an "on sale" liquor establishment located in north Minneapolis and operated by the owner, Frank Dusenka, Sr. Some time later he had a disagreement with the proprietor, the details of which are in some confusion. According to plaintiff's story, Frank, Sr. became petulant during the course of a game of cards and left the room in which he and the plaintiff with others were playing; plaintiff followed him into the main part of the premises only to be met with an unprovoked attack by Frank Dusenka, Jr., 200-pound son of the other defendant; plaintiff was struck twice and knocked to the floor both times. According to defendants' story, plaintiff was intoxicated and unruly; he threatened to strike Frank, Sr. when the latter attempted to get him to go home; Frank, Jr. intervened to protect his father but did no more than push plaintiff with open hands. It is unquestioned that plaintiff was cut and bruised considerably when he arrived home that night, but defendants suggest that this must have happened after he left their establishment.

The trial court instructed the jury as to the elements of assault and battery and explained the application of the law of self-defense. The charge contains no reference to defendants' claim that the force used was reasonably necessary to eject him and no instructions embodying the principles to be used in deciding if the force was reasonably necessary for that purpose. That the trial court erred in making these omissions is the chief claim of appellants.

■ We are of the opinion that the trial court committed no reversible error. The injuries for which damages were sought by plaintiff were allegedly caused by the junior Dusenka. He thus described the incident: "I was working behind the bar, and I heard a lot of noise by the room there, swearing and hollering. * * * I skidded around the bar over toward the entrance there * * * just as I got there Peter Symalla was going to

hit my father, and I jumped in between them and pushed Pete down on the floor." From this testimony it reasonably appears that the blows which he struck were motivated by a desire to protect his father rather than an urge to remove plaintiff from the premises. There was no need to instruct the jury as to the amount of force that could be used to eject the plaintiff when the assault for which he seeks compensation was not intended to serve that end.

If either side was favored by the instructions as given, it was defendants'. Absent considerations of self-defense and assuming Frank, Jr. did hit plaintiff as the latter claimed, plaintiff would be entitled to a verdict as a matter of law. License to use reasonable force to eject unruly customers from liquor establishments does not include the privilege of brutally beating those reluctant to depart.

Other assignments of error are without merit.

Affirmed.